UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MARIGOLD V. HARTMAN,

        Plaintiff,

-v-

CONSECO SENIOR HEALTH
INSURANCE COMPANY, et al.,

        Defendants.

Case No. 3:08-CV-099

Judge Thomas M. Rose

_____

ENTRY AND ORDER OVERRULING MARIGOLD V. HARTMAN'S
MOTION TO REMAND (Doc. #5)
_____

Now before the Court is Plaintiff Marigold V. Hartman's ("Hartman's") Motion To Remand Under 28 U.S.C. § 1447(c). (Doc. #5.) Defendant Conseco Senior Health Insurance Co. ("Conseco") has responded (doc. #8) and Defendant Asset Protection Unit, Inc. ("Asset Protection") has not. The time for filing a reply has run and Hartman has not filed a reply. Hartman's Motion To Remand is, therefore, ripe for decision.

Hartman's action was commenced in the Court of Common Pleas of Montgomery County, Ohio, on September 20, 2007. Hartman's Complaint sets forth three claims for relief. Hartman's First Claim is against Conseco for breach of contract. Hartman's Second Claim is against Conseco for failure to exercise good faith in the processing and payment of a claim. Hartman's Third Claim is against Asset Protection and unnamed John Does for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1962a(3) and the Ohio Consumer Sales Practices Act, Ohio Rev. Code § 1345.01(D).

Hartman has since dismissed Asset Protection. (Doc. #9.) Therefore, only Hartman's

First and Second Claims remain to be adjudicated.

Hartman's Complaint separately states the damages sought under each claim. On the First Claim, Hartman seeks compensatory damages in the amount of $7,930.77 along with statutory interest and her court cost. On the Second Claim, Hartman seeks compensatory and punitive damages in an amount in excess of $25,000, attorney's fees and her court costs.

The Court of Common Pleas of Montgomery County, Ohio, did not set a trial date or conduct a scheduling conference. On January 8, 2008, Conseco propounded Interrogatories and Requests for Production on Hartman. Hartman responded on March 12, 2008 indicating that she seeks to recover in excess of $1 million on her Second Claim. Conseco then, on March 21, 2008, removed Hartman's Complaint to this Court. The removal was based upon this Court having diversity jurisdiction.

Asset Protection was not served until March 28, 2008. Asset Protection, therefore, did not participate in the State Court proceedings. Asset Protection did, however, consent to the removal after it was served and before it was dismissed. (Doc. #6.) Hartman's claim against Asset Protection was dismissed on May 1, 2008. (Doc. #9.)

Hartman now seeks to remand her Complaint on the basis that its removal by Conseco was not timely. The relevant law regarding subject matter jurisdiction, removal and remand will first be set forth followed by an analysis of Hartman's Motion.

## RELEVANT LEGAL PROVISIONS

Defendants to a state court action may remove the complaint to federal court where the complaint could have originally been brought in federal court. *Bower v. American Casualty Co. of Reading, Pa.*, No. 99-4102, 2001 U.S. Dist. LEXIS 18053 at *6 (6th Cir. Aug. 6, 2001);

*Praisler v. Ryder Integrated Logistics, Inc.*, 417 F. Supp.2d 917, 919 (N.D. Ohio 2006)(citing 28 U.S.C. § 1441). One basis for a complaint being brought in a federal court is diversity jurisdiction. For diversity jurisdiction to exist, all parties on one side of the action must be diverse from all parties on the other side of the action and the amount in controversy must exceed $75,000 exclusive of interest and costs. *Bower*, 2001 U.S. Dist. LEXIS 18053 at *6.

      To remove an action from state court to a federal court, the defendants must file a notice of removal and the notice of removal must be filed within thirty (30) days of receiving the complaint or within thirty (30) days of receiving an amended pleading, motion, order or other paper from which the removability of the complaint may first be determined. *Harper v. AutoAlliance International, Inc.*, 392 F.3d 195, 201 (6th Cir. 2004)(citing 28 U.S.C. § 1446(a)). The defendant seeking removal must establish by a preponderance of the evidence that a plaintiff's claims meet the amount-in-controversy requirement. *Bower*, 2001 U.S. Dist. LEXIS 18053 at *7-8. Further, removal statutes are narrowly construed and all doubts as to the propriety of removal are to be resolved in favor of remand. *Long v. Bando Manufacturing of America*, 201 F.3d 754, 757 (6th Cir. 2000); *Praisler*, 417 F. Supp.2d at 919(citing *Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999)). Finally, questions regarding the removal statute are a federal matter and federal, not state, law governs the circumstances in which a case may be removed from state to federal court. *Feller v. National Enquirer*, 555 F. Supp. 1114, 1118 (N.D. Ohio 1982)(citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104 (1941)).

      Defendants should be encouraged to employ all available and efficient means of promptly ascertaining whether the prerequisites to removal are satisfied, including the amount in controversy, and requests for admissions and other discovery responses are an appropriate device

for doing so. *JHohman, LLC v. United States Security Associates, Inc.*, 513 F. Supp.2d 913, 916-18 (E.D. Mich. 2007). Said another way, when a complaint fails to allege the requisite amount in controversy upon which to base removal, it is appropriate to engage in discovery to determine the nature and extent of the damages being sought. *Compton v. Nationwide Mutual Insurance Co.*, No. 05-22-DLB, 2005 U.S. Dist. LEXIS 12187 at * (E.D. Ky. June 22, 2005). A defendant may then appropriately rely on the information obtained during discovery to determine whether an action is removable. *Id.*

At issue in this matter is the amount in controversy. The amount in controversy is normally determined by the allegations in the complaint. *Ortega v. CUNA Mutual Group*, No. 06-CV-23, 2007 WL 2137950 at *2 (N.D. Okla. July 23, 2007). A damages demand that seeks actual damages and punitive damages both in excess of $10,000 does not affirmatively establish that the amount in controversy exceeds $75,000. Id.

## ANALYSIS

The case stated in Hartman's Complaint was not removable. This is not disputed by Hartman or Conseco.

All parties on one side of this action are diverse from all parties on the other side of this action. This also is not disputed by Hartman or Conseco. Further, the amount in controversy in this action exceeds $75,000. This too is not disputed. However, Hartman and Conseco do dispute when the "amount in controversy" requirement for diversity jurisdiction was or should have been known by Conseco.

Hartman argues the time for removal began to run after her complaint was filed and served because Ohio Rule Civ. P. 8(A) provides that, "[a]t any time after the pleading is filed

and served, any party from whom monetary recovery is sought **may** request in writing that the party seeking recovery provide the requesting party a written statement of the amount of recovery sought."(emphasis added.) Conseco argues that the time for removal began to run when it received Hartman's response to Conseco's Interrogatories and Requests for Production on March 12, 2008.

Hartman's argument is unavailing for three reasons. First, federal and not state law governs the circumstances in which a case may be removed from state to federal court**.** Second, if state law did apply, Ohio Rule Civ. P. 8(A) provides that a party from whom monetary recovery is sought **may** request in writing that the party seeking recovery provide the requesting party a written statement of the amount of recovery sought. Ohio Rule Civ. P. 8(A) does not **require** a party from whom monetary recover is sought to request a written statement of the amount of recovery sought. Third, the second thirty (30) day period during which a matter may be removed begins to run upon the receipt of a "paper" and not upon the possible ability to receive a "paper."

In this case, Conseco received Hartman's response to Conseco's Interrogatories and Requests for Production on March 12, 2008. Hartman's response to Conseco's Interrogatories and Requests for Production are considered "other papers," and this was the first time that Conseco was made aware that the amount in controversy exceeded $75,000. Conseco then filed its removal notice on March 31, 2008. Thus Conseco removed Hartman's Complaint within thirty (30) days after receipt of an "other paper" from which it first ascertained that Hartman's Complaint was removable because the amount in controversy exceeds $75,000.

**SUMMARY**

Conseco has satisfied the requirements that the defendants file a notice of removal and the notice of removal must be filed within thirty (30) days of receiving an amended pleading, motion, order or other paper from which the removability of the complaint may first be determined. Therefore, Hartman's Motion To Remand is OVERRULED.

**DONE** and **ORDERED** in Dayton, Ohio this Twenty-Third day of June, 2008.

**s/Thomas M. Rose**

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record