# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION
#### AT DAYTON

| | | |
|---|---|---|
| MARIGOLD V. HARTMAN | : | Civil Action No. 3:08-cv-00099 |
| | : | |
| Plaintiff | : | Thomas M. Rose, U.S.D.J. |
| | : | |
| v. | : | |
| | : | |
| CONSECO SENIOR HEALTH INSUR-ANCE COMPANY | : | AGREED CONFIDENTIALITY ORDER |
| | : | |
| | : | |
| Defendant | : | |

Plaintiff having requested that defendant provide certain discovery documents, defendant having asserted that such documents are confidential and ought to be withheld from public disclosure, and pursuant to the agreement of all parties to subject such discovery to the terms of the "Confidentiality Agreement" attached hereto and incorporated herein as Exhibit "A."

It is therefore **ORDERED** that the parties hereto comply with the terms of said attached "Confidentiality Agreement."

**SO ORDERED:**

**March 17, 2009**                    **s/Thomas M. Rose**

_____
Thomas M. Rose
United States District Judge

**AGREED TO:**

 /s/ Gary Plunkett [per ltr. auth. 02/18/09]
Gary Plunkett (#0046805)
HOCHMAN & PLUNKETT CO., LPA
3077 Kettering Boulevard
Suite 210
Dayton, Ohio 45439-1949
Tel:    (937) 228-2666
Fax:    (937) 228-0508
E-M:    gp@hochmanplunkett.com
*Trial Counsel for Plaintiff*

and

John E. Breidenbach (#0008912)
BREIDENBACH, O'NEAL & BACON
131 North Ludlow Street
Suite 1060
Dayton, Ohio 45402-1737
Tel:    (937) 224-0963
Fax:    (937) 224-0965
E-M:    jbreidenbach@bizwoh.rr.com
*Co-Counsel for Plaintiff*

 /s/ Edward R. Goldman
Edward R. Goldman (#0003530)
RENDIGS, FRY, KIELY & DENNIS, L.L.P.
One West Fourth Street
Suite 900
Cincinnati, Ohio 45202-3688
Tel:    (513) 381-9200
Fax:    (513) 381-9206
E-M:    erg@rendigs.com
*Trial Counsel for Defendant*

and

Steven K. Huffer (#0038914)
CONSECO SERVICES LLC
11825 North Pennsylvania Street
Carmel, Indiana 46032
Tel:    (317) 817-4309
Fax:    (317) 817-3578
E-M:    steve_huffer@conseco.com
*Co-Counsel for Defendant*

The undersigned counsel for Plaintiffs, Gary D. Plunkett and John E. Breidenbach, in that certain action pending in the U.S. District Court of the Southern District of Ohio, Western Division, styled *Marigold Hartman v. Conseco Senior Health Insurance Company, et al.* Cause No. 3:08-cv-00099 (the "Lawsuit") agrees to the following terms and conditions as the same relate to Document Discovery provided by the Defendants, including but not limited to the documents and or document images in which are marked "Confidential" or otherwise designated as such (hereinafter collectively referred to as the "Confidential Discovery") :

1. The Confidential Discovery shall be provided to the undersigned counsel upon his express promise (denoted by his signature below) not to disclose the information contained therein or derived therefrom to any person or entity, except individuals employed for purposes of testifying in and/or handling the Lawsuit.

2. The use of the Confidential Discovery by Plaintiff and her counsel shall be limited to the conduct of the Lawsuit only, and neither shall disclose the Confidential Discovery or any portion or summary thereof to any person or persons not involved in the conduct of the Lawsuit.

3. Plaintiff and her counsel may only disclose the Confidential Discovery or information derived therefrom to the employees of a Plaintiffs' counsel's firm actively involved in the Lawsuit and experts consulted by Plaintiffs' counsel in connection with this case. No person to whom the Confidential Discovery is disclosed shall disclose the Confidential Discovery or information derived therefrom to any person to whom disclosure is not authorized by the terms hereof or make any disclosure of the Confidential Discovery or information derived therefrom for any purpose whatsoever without prior approval of Defendants. All persons to whom the Confidential Discovery or information derived therefrom is shown or disclosed shall, prior to said showing or disclosure, be informed of the contents of this Confidentiality Agreement and agree in writing to be bound by its terms. If Plaintiffs' counsel discloses the Confidential Discovery or information derived therefrom to an expert witness or expert consultant, Plaintiffs' counsel shall provide a copy of this Confidentiality Agreement to the expert or consultant and shall secure such expert's or consultant's written acknowledgment of his or her agreement to be bound by the terms of this Confidentiality Agreement before such information is disclosed.

4. Following agreement by the parties on documents they desire to file in the record of the Lawsuit in a sealed envelope, the parties shall apply to the Court for an Order for such sealed filing. The envelope containing the documents to be filed under seal pursuant to the Court's order shall bear the caption of the Lawsuit and the following designation when deposited:

**CONFIDENTIAL**

**SUBJECT TO CONFIDENTIALITY AGREEMENT**

DATED: _____, 2009

*TITLE OF DOCUMENT*

FILED: _____, 2009

**This envelope containing the above-identified papers filed by _____ (name of party) pursuant to the Order of the Court, dated _____, contains documents filed in this case that are subject to a Confidentiality Agreement. This envelope shall not be opened nor the contents thereof displayed or revealed except by further order of the Court or written agreement of the parties approved by the Court.**

5. Nothing contained in this Confidentiality Agreement shall be construed as a waiver by Defendants of their rights to object to the admissibility of the Confidential Discovery or information derived therefrom. Nothing contained in this Confidentiality Agreement shall be construed to constitute an admission that the Confidential Discovery or information derived therefrom is relevant, material or discoverable in the pending action or a waiver of any privilege with respect thereto. This Confidentiality Agreement shall not constitute a waiver of any right to seek or resist discovery of any material in this action.

6. Only Plaintiffs or their counsel or a consultant or expert who has signed an agreement to comply with the terms of this Confidentiality Agreement, shall retain custody of the Confidential Discovery or information derived therefrom during the pendency of the Lawsuit. The Confidential Discovery or information derived therefrom shall be returned to counsel for Defendants within twenty (20) days of the conclusion of the Lawsuit.

7.    Plaintiff shall provide Defendants' counsel reasonable advance notice of their intention to utilize the Confidential Discovery or any portion thereof at trial or any deposition. The Confidential Discovery may not be offered into evidence or referred to in open court absent an express ruling from the Court permitting such use or reference.

8.    All subsequent counsel and co-counsel for Plaintiff are bound by the terms of this Confidentiality Agreement.

9.    Nothing contained in this Confidentiality Agreement shall be construed as a waiver by Plaintiff of her rights to offer the Confidentiality Discovery or information derived therefrom into evidence at trial or to use said Discovery or information derived therefrom during the questioning of witnesses in depositions. Plaintiff and her counsel may disclose the Confidential Discovery or information derived therefrom to Paula Hartman, on the condition that Paula Hartman complies with the terms of this Confidentiality Agreement.

This Paragraph 9 is subject to Paragraph 7 and to compliance with the rest of this Confidentiality Agreement.

Date:    Mar. 11, 2009

Gary D. Plunkett, Esq.
Hochman & Plunkett Co., L.P.A.
3077 Kettering Blvd.
Point West, Suite 210
Dayton, OH  45439

John E. Breidenbach
Breidenbach, Oneal & Bacon
131 N. Ludlow Street
Ste. 1060, Talbott Tower
Dayton, OH  45402

Attorneys for Plaintiff