UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MARIGOLD V. HARTMAN,

        Plaintiff,

-v-

SENIOR HEALTH INSURANCE COMPANY
OF PENNSYLVANIA, et al.,

        Defendants.

Case No. 3:08-cv-099

Judge Thomas M. Rose

---

**ENTRY AND ORDER FINDING THE MOTION TO QUASH HUDSON'S SUBPOENA MOOT; OVERRULING THE MOTION TO QUASH THE ODI RECORDS CUSTODIAN'S SUBPOENA; GRANTING IN PART AND OVERRULING IN PART THE MOTION FOR A PROTECTIVE ORDER; ORDERING THE ODI RECORDS CUSTODIAN TO SATISFY THE SUBPOENA DUCES TECUM BY NOT LATER THAN NOVEMBER 15, 2009 AND GIVING HARTMAN UNTIL NOT LATER THAN THIRTY (30) DAYS FOLLOWING ENTRY OF THIS ORDER TO SUBMIT A MOTION FOR SANCTIONS IF SHE WISHES TO DO SO**

---

Now before the Court is the Motion of Superintendent Mary Jo Hudson and the Ohio Department of Insurance To Quash Plaintiff's Subpoenas and Motion for Protective Order. (Doc. #26.) Plaintiff Marigold V. Hartman ("Hartman") has responded in opposition to this Motion. (Doc. #28.) The time has run and Mary Jo Hudson and the Ohio Department of Insurance have not replied. The Motion is, therefore, ripe for decision.

On August 10, 2009, Hartman served two identical Subpoenas Duces Tecum, one on Superintendent Mary Jo Hudson ("Hudson") and the other on the Ohio Department of Insurance ("ODI") Records Custodian. These subpoenas seek both testimony of the individuals as well as numerous documents. Hudson and the ODI Records custodian now seek to quash both of these subpoenas. Hudson and ODI also seek a protective order prohibiting Hartman from obtaining

documents privileged under Ohio law.

## Subpoena Duces Tecum To Hudson

Hudson seeks to quash the subpoena issued to her because she, as a cabinet level minister at the State of Ohio should not be required to personally testify by deposition. Hartman has offered to limit the request for witness testimony to the Records Custodian. Therefore, if the Records Custodian provides testimony and the non-privileged material, the subpoena issued to Hudson is no longer necessary. Further, the Court need not and does not rule on whether Hudson qualifies as a "high ranking public official" or whether such testimony would be an "undue burden" in this case.

## Subpoena Duces Tecum To the ODI Records Custodian

The basis offered by the ODI Records Custodian for quashing that subpoena is that the testimony of a records custodian is unnecessary because the documents are self-authenticating. However, this argument is unavailing.

Federal Rule of Civil Procedure 45(c)(3) provides four grounds for quashing a subpoena. None of these grounds are satisfied by the ODI Records Custodian.

Further, the ODI Records Custodian overlooks the fact that the Record Custodian may be asked questions that go beyond the documents provided that may provide admissible evidence in its own right. For instance, evidence that a matter is not included in the records may be admissible to prove the nonoccurrence or nonexistence of the matter. Fed.R.Evid. 803(7).

Finally, the records produced are not necessarily self-authenticating. They are not self-authenticating unless they are accompanied by a certificate of authenticity.

Therefore, ODI is hereby ordered to produce its Records Custodian for deposition

testimony. This branch of the Motion To Quash is OVERRULED.

### Protective Order for Privileged Documents

Hudson and the ODI Records Custodian argue that they should not have to provide documents that are protected from disclosure by statutory privileges. Hartman agrees but argues that Hudson and the ODI have not provided all of the other documents that she has requested, particularly customer complaint files with social security numbers and medical information redacted.

Ohio law provides a privilege for certain "work documents." Ohio Rev. Code § 3901.48(C). Therefore, to the extent that the documents requested are "work documents" subject to privilege under Ohio law, they need not be provided. However, other requested documents must be provided including customer complaint files with social security numbers and medical information redacted. The Motion To Quash is granted in part and overruled in part.

### Conclusion

The Motion To Quash the Subpoena Duces Tecum served on Hudson is MOOT provided that the ODI Records Custodian is made available for deposition and all of the non-privileged records that have been requested are provided. The Motion To Quash the Subpoena Duces Tecum served on the ODI Records Custodian is OVERRULED. The ODI Records Custodian must be made available for deposition.

Finally, the Motion for a Protective Order is GRANTED IN PART and OVERRULED IN PART. If they have not yet been provided, the ODI Records Custodian is hereby ordered to provide all of the non-privileged documents that were requested including customer complaint files with social security numbers and medical information redacted.

The subpoenas were served on August 10, 2009, and it is now near the end of October 2009. Thus, the ODI Records Custodian has had almost two months thus far to comply. Therefore, the ODI Records Custodian is given until not later than November 15, 2009, to comply with Hartman's Subpoena Duces Tecum including providing deposition testimony and the non-privileged records..

Finally, Hartman seeks sanctions against ODI because there was no valid legal basis cited for the Motion To Quash the Subpoena Duces Tecum of the ODI Records Custodian. The Court agrees that there was no legal basis cited for this action. Therefore, Hartman is given until not later than thirty (30) days following entry of this order to file a motion for sanctions if it wishes to do so. The motion, if filed, should include the legal basis for and the scope of the sanctions. If the proposed sanctions include attorneys' fees, Hartman should be aware that this Court uses the *Lodestar* method for determining the amount of attorneys' fees.

**DONE** and **ORDERED** in Dayton, Ohio this Twenty-Sixth day of October, 2008.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record