**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

MARIGOLD V. HARTMAN,

        Plaintiff,

-v-

CONSECO SENIOR HEALTH
INSURANCE COMPANY, et al.,

        Defendants.

Case No. 3:08-CV-099

Judge Thomas M. Rose

---

**ENTRY AND ORDER GRANTING CONSECO'S MOTION FOR
PARTIAL SUMMARY JUDGMENT (Doc. #59)**

---

Now before the Court is a Motion for Partial Summary Judgment filed by Defendants Senior Health Insurance Company of Pennsylvania and Conseco Senior Health Insurance Company (collectively referred to hereinafter as "Conseco"). (Doc. #59.) Plaintiff Marigold H. Hartman ("Hartman") has brought claims for breach of contract, failure to exercise good faith in the processing and payment of claim and violation of the federal Fair Debt Collection Practices Act and the Ohio Consumer Sales Practices Act.

An action for insurer bad faith is a tort action. *Hoskins v. Aetna Life Insurance Co.*, 452 N.E.2d 1315 (Ohio 1983). Thus, Hartman's Second Claim is a tort action.

The Ohio Revised Code provides that, prior to trial, any party in a tort action may seek summary judgment on the amount of damages. Ohio Rev. Code § 2315.18(E)(2).[1] Pursuant to this provision, Conseco now seeks summary judgment declaring the amount of "economic loss" suffered by Hartman and declaring the maximum "noneconomic loss" that Hartman may be

---

[1] Ohio Revised Code § 2315.18 also limits recovery in tort actions.

entitled to recover in this action. The time has run and Hartman has not responded. Conseco's Motion for Partial Summary Judgment is, therefore, ripe for decision.

## **Economic Loss**

"Economic loss" is any of the following types of pecuniary harm:

(a) All wages, salaries, or other compensation lost as a result of an injury or loss to person or property that is a subject of a tort action;

(b) All expenditures for medical care or treatment, rehabilitation services or other care, treatment, services, products, or accommodations as a result of an injury or loss to person or property that is a subject of a tort action;

(c) Any other expenditures incurred as a result of an injury or loss to a person or property that is a subject of a tort action, other than attorney's fees incurred in connection with that action.

Ohio Rev. Code § 2315.18(A)(2).

Conseco now argues that Hartman's possible economic damages in this case are extremely limited. In response to an interrogatory requesting an itemization of damages, Hartman referred Conseco to paragraphs 4 and 5 of her Complaint. Paragraph 4 seeks certain "Homemaker Service Benefits" totaling $7,582.32 plus interest at the statutory rate. Paragraph 5 seeks "Home Health Care Practitioner" benefits totaling $348.45 plus interest at the statutory rate. Further, in her deposition, Paula Hartman, Hartman's daughter acknowledged preparing a computation of alleged unpaid amounts which comes to the same total. Thus, according to the Complaint and subsequent discovery, Hartman seeks economic damages in an amount less than $8,000 plus interest at the statutory rate. Hartman has not responded to this Motion for Partial Summary Judgement to identify any additional economic damages.

Therefore, the economic loss that Hartman may recover in this case on her tort action may not exceed $8,000 plus interest at the statutory rate. The summary judgment sought by

Conseco on this issue is granted.

## Noneconomic Loss

"Noneconomic loss" is defined as:

> non pecuniary harm that results from an injury or loss to person or property that is a subject of a tort action, including, but not limited to, pain and suffering, loss of society, consortium, companionship, care, assistance, attention, protection, advice, guidance, counsel, instruction, training, or education, disfigurement, mental anguish, and any other intangible loss.

Ohio Rev. Code § 2315.18(A)(4).

This same section of the Ohio Revised Code limits the amount of noneconomic loss that may be recovered in a tort action for injury or loss to person or property to the greater of $250,000 or an amount that is equal to three times the economic loss, as determined by the trier of fact. Ohio Rev. Code § 2315.18(B)(2). Unlimited non-economic damages are available where there is permanent physical injury or deformity, facts which are not present in this case.

Thus, at this stage of the proceedings, the maximum noneconomic damages that Hartman may recover in this case on her tort action is $250,000. The summary judgment sought by Conseco on this issue is also granted.

**DONE** and **ORDERED** in Dayton, Ohio this Eighth Day of April, 2010.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record